UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rashad R. Ivy,

Civ. No. 25-208 (PAM/JFD)

Petitioner,

v.

**MEMORANDUM AND ORDER**

William Bolin,

Respondent.

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge John F. Docherty dated November 14, 2025. (Docket No. 31.) The R&R recommends denying Petitioner Rashad R. Ivy's Petition for Writ of Habeas Corpus. (Docket No. 1.) Ivy filed timely objections to the R&R.

**BACKGROUND**

In 2016, a jury in Ramsey County, Minnesota, convicted Petitioner Rashad R. Ivy of second-degree sex trafficking, conspiracy to engage in sex trafficking in the second degree, third-degree criminal sexual conduct, domestic assault by strangulation, and second-degree solicitation to practice prostitution. The extensive procedural history is set forth in the thorough R&R and will not be repeated in full. In brief, Ivy was originally sentenced to 700 months' imprisonment, but, after resentencing, his final sentence was 433 months' imprisonment.

Ivy timely presented the instant Petition under 28 U.S.C. § 2254, raising four grounds for relief, contending that his trial counsel and appellate counsel were ineffective and that Minnesota Statute 609.322, subdivision 1a is unconstitutional. (Docket No. 1.)

**DISCUSSION**

According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court adopts the R&R.

**A.      Trial Counsel's Effectiveness**

In ground one, Ivy argues that the R&R failed to properly address Strickland v. Washington, 466 U.S. 668 (1984), because his appellate counsel should have raised claims of prosecutorial misconduct. This argument lacks merit. Magistrate Judge Docherty properly analyzed Strickland and correctly concluded that Ivy failed to meet either of its prongs demonstrating ineffective assistance of counsel. Although Ivy disagrees with the R&R's conclusion, he fails to identify any factual or legal basis conflicting with the well-reasoned R&R.

In ground two, Ivy disagrees with the R&R's determination that his appellate counsel was not ineffective for failing to raise various arguments about his trial counsel's ineffectiveness. As for Ivy's arguments that his trial counsel was ineffective for failing to investigate and object, the R&R explains that the state court determined Ivy failed to show that his counsel's performance fell below an objective standard of reasonableness or that the outcome of the proceeding would have been different had counsel acted differently. Moreover, Ivy fails to show "that the state courts unreasonably applied, or issued a decision contrary to, clearly established federal law." (R&R at 12.) The R&R further explains that

2

the state court determined Ivy "had not identified an actual conflict, only differences in litigation strategy." (Id. at 13.)  This objection is overruled.

**B.      Minnesota Statute § 609.322 subdivision 1a**

Ivy raises two objections to the R&R's conclusions regarding the constitutionality of Minnesota Statute § 609.322 subdivision 1a, which prohibits sex trafficking and solicitation, inducement, and promotion of prostitution.  Both objections fail.

Regarding ground three, Ivy failed to raise any constitutional challenge to the statute in state court in his direct appeal; therefore, as the R&R found, this challenge is procedurally defaulted.  Ivy asserts that his appellate counsel advised that the challenge should be raised in a postconviction proceeding.  The R&R explains that although ineffective assistance of counsel can be the basis to excuse a procedural default, Ivy falls far short of demonstrating that his attorney provided ineffective assistance to warrant any excusal.

In ground four, Ivy contends that R&R erred in concluding that his appellate counsel's performance was not objectively unreasonable for failing to challenge the constitutionality of Minnesota Statute § 609.322 subdivision 1a.  Ivy claims that the statute is unconstitutional because 85% of the defendants sentenced under the statute are minorities.  As the R&R concluded, even accepting Ivy's statistic at face value, the statute does not violate the Fourteenth Amendment's Equal Protection clause because the statute does not classify individuals based on race.  Further, Ivy presents no evidence that it disproportionally impacts minorities, nor has Ivy provided evidence of discriminatory intent or purpose behind the statute's enactment.  (R&R at 16–17.)  Ivy fails to show that

the state court's conclusion regarding the statute's constitutionality violated clearly established federal law.  Thus, Ivy's counsel was not ineffective for failing to challenge the statute's constitutionality.  This objection lacks merit.

**CERTIFICATE OF APPEALABILITY**

Ivy is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  This Court cannot grant a Certificate of Appealability unless Ivy "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  The R&R correctly found that a Certificate of Appealability should not issue.  A Certificate of Appealability is therefore denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 31) is **ADOPTED**;

2. Ivy's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. This matter is **DISMISSED**; and

4. A Certificate of Appealability will not issue.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Dated: <u>May 5, 2026</u>                    s/ *Paul A. Magnuson*

Paul A. Magnuson
United States District Court Judge

4